Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/18/2026 08:09 AM CDT

Ryan D. Schmuecker, appellant, v. Lancaster
County et al., appellees.
___ N.W.3d ___

Filed June 18, 2026.    No. S-25-465.

1. **Administrative Law: Appeal and Error.** In reviewing an administrative agency decision on a petition in error, both the district court and the appellate court review the decision to determine whether the agency acted within its jurisdiction and whether sufficient, relevant evidence supports the decision of the agency.
2. **Constitutional Law: Due Process: Statutes.** Statutory interpretation and the determination of whether the procedures afforded to an individual comport with constitutional requirements for due process present questions of law.
3. **Judgments: Appeal and Error.** Appellate courts independently review questions of law decided by a lower court.
4. **Administrative Law: Appeal and Error.** The reviewing court in an error proceeding is restricted to the record before the administrative agency and does not reweigh evidence or make independent findings of fact.
5. **Administrative Law: Evidence.** The evidence is sufficient, as a matter of law, if an administrative tribunal could reasonably find the facts as it did on the basis of the testimony and exhibits contained in the record before it.
6. **Statutes: Police Officers and Sheriffs.** Generally, a deputy sheriff has the same duties prescribed by statute as the sheriff.
7. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.
8. **Constitutional Law: Due Process.** The U.S. and Nebraska Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law.

9. **Due Process: Notice.** Due process does not guarantee an individual any particular form of state procedure; instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it.

10. **Due Process.** Due process is flexible and calls for such procedural protections as the particular situation demands.

11. **Constitutional Law: Due Process: Public Officers and Employees: Termination of Employment: Notice.** When a public employer deprives an employee of a property interest in continued employment, constitutional due process requires that the deprivation be preceded by (1) oral or written notice of the charges, (2) an explanation of the employer's evidence, and (3) an opportunity for the employee to present his or her side of the story.

12. **Appeal and Error.** Error without prejudice provides no ground for relief on appeal.

Appeal from the District Court for Lancaster County: Andrew R. Jacobsen, Judge. Affirmed.

Sean J. Brennan and Candice Wooster, of Brennan, Nielsen & Wooster Law Offices, and Sydney J. Clark, Senior Certified Law Student, for appellant.

Patrick F. Condon, Lancaster County Attorney, Daniel J. Zieg, and Kyle Jedlicka, Senior Certified Law Student, for appellees.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Cassel, J.

## I. INTRODUCTION

This appeal arises from a disciplinary action regarding a deputy sheriff sergeant's failure to arrest two individuals pursuant to outstanding warrants issued for failure to pay fines. He told them that he was "not going even to mess with [their] warrant[s]" and that it "d[id]n't really make any sense to waste [his] time." The merit commission upheld the sheriff's decision to terminate the sergeant's employment. He then filed

a petition in error in the district court, which affirmed the commission's decision. He now appeals. Because sufficient evidence supports the termination and his procedural challenges lack merit, we affirm the district court's judgment.

## II. BACKGROUND

Ryan D. Schmuecker was employed as a deputy sheriff sergeant with the Lancaster County sheriff's office. His employment was covered by a collective bargaining agreement, which provided that his employment could be terminated only for just cause. Cause included, among other things, violating the sheriff's office standard operating procedures (SOP).

### 1. FAILURE TO ARREST LEADS TO TERMINATION

On February 18, 2024, Schmuecker confronted two individuals, a male and a female, at a home improvement store. The interaction was recorded by Schmuecker's body-worn camera.

After approaching the two individuals inside the store, Schmuecker used his cell phone to search their names in a law enforcement database and learned that they both had active warrants.

Specifically, he observed that the county court had issued a time pay warrant for the male on January 30, 2024, for failure to pay a fine imposed for a loitering and trespass conviction. Schmuecker then asked for the female's name, and she and the male exchanged nervous looks. Schmuecker assured the male, "I'm not going to even mess with your warrant for fines. Don't worry about it. No need to freak out." The female then told Schmuecker her name. While Schmuecker looked up her name on his cell phone, he said, "Because I know if I take you to the jail, they're just going to let you out anyways, so it doesn't really make any sense to waste my time." Schmuecker saw that the county court had issued two time pay warrants for her on January 24, 2024, for failure to pay fines imposed for theft convictions.

The three warrants were similar. Each consisted of one page and stated at the top, "TIME PAY WARRANT." They

were addressed to the "Lincoln Polce Department OR ANY DULY AUTHORIZED LAW ENFORCEMENT OFFICER." Each warrant identified a single crime and the fine imposed by the court for that conviction. They stated, "Defendant has failed to pay the judgment(s) and costs and FURTHER has failed to appear on the date the Defendant was given to appear and show cause why said payments were not made." They set forth a list of options "upon arrest" of the two individuals. The warrants were signed by a county court judge and stated that they were supported by the judge's personal review of the court files.

After Schmuecker viewed the warrants, the male asked if Schmuecker was going to take him anywhere that day. Schmuecker responded that he would not if his only warrants were for fines.

Schmuecker then called the records division of the sheriff's office to ask whether either individual had any other warrants. Schmuecker indicated that he would not arrest them on time pay warrants alone. The records division then confirmed that they had only the time pay warrants. Schmuecker instructed them to "take[] care" of their fines and walked away.

Following this incident, the sheriff's office opened an internal investigation led by Sgt. Drew Bolzer. As part of the investigation, Bolzer interviewed Schmuecker with Schmuecker's attorney present. Although the parties assert that the Lincoln Police Department issued Schmuecker a citation for neglecting to serve the warrants, that does not appear in the record.

At the conclusion of his investigation, Bolzer recommended that the sheriff find that Schmuecker had violated three provisions of the SOP. Particularly relevant here, one provision stated: "Employees shall not neglect any required duty . . . ."

On April 15, 2024, Sheriff Terry Wagner wrote a letter to Schmuecker, stating that Wagner concurred with Bolzer's recommendation. Wagner scheduled an informal hearing and stated that Schmuecker "will be able to present any evidence you may feel is pertinent to this case that you want

me to consider before I determine the level of discipline to be imposed."

On April 23, 2024, Wagner, Schmuecker, Schmuecker's attorney, and others met for the informal hearing. Wagner later testified that Schmuecker argued at the hearing that a time pay warrant was not a "valid arrest warrant," though Schmuecker had previously arrested an individual on a time pay warrant. Schmuecker further argued that the failure to pay a fine was "such a minor issue."

After the hearing (but still on April 23, 2024), Wagner issued a letter that "[s]uspended [Schmuecker] without pay and benefits for 10 days pending [t]ermination of [his] employment." Wagner again stated that he agreed with Bolzer that Schmuecker violated SOP policies.

Wagner stated that to determine the appropriate level of discipline, he followed an SOP policy that required consideration of various factors, including Schmuecker's general past performance and work history. Wagner stated that Schmuecker's performance had been "very good with few exceptions." He recited Schmuecker's awards, appointments, and promotions since his hiring in 2004. He further recited events in 2022, including Schmuecker's reassignment following an incident that led a county court judge to find that he "'lacked credibility.'"

On May 2, 2024, Wagner revised the April 23 letter at the request of Schmuecker's attorney. The revised letter added a qualification that is not material to our analysis.

### 2. Appeal to Commission

Schmuecker appealed the sheriff's decision to the commission. On May 10, 2024, the commission heard the appeal.

In addition to the evidence summarized above, the commission heard testimony regarding Schmuecker's credibility and an internal investigation in 2022 that did not result in disciplinary action. Schmuecker invoked his right against self-incrimination and did not testify.

Following the hearing, the commission entered a written order denying Schmuecker's appeal. Without elaborating, it found that the disciplinary action was authorized by the applicable law and rules and supported by the facts in the record. The commission issued its written order on May 13, 2024—3 days after the hearing. The order was emailed to Schmuecker's attorney on May 16.

### 3. Petition in Error

Schmuecker then filed a petition in error in the district court, alleging several errors by the commission. He requested reinstatement with back pay and costs.

Following a hearing, the district court entered a 15-page judgment affirming the commission's decision. We summarize its analysis, as necessary, relevant to the assignments of error on appeal.

First, the court concluded that the commission's decision was supported by sufficient evidence and was not arbitrary or capricious. It reasoned that the commission could have reasonably found that Schmuecker violated one or more statutes, and it rejected Schmuecker's argument that Neb. Rev. Stat. § 28-927 (Reissue 2016) does not apply to time pay warrants. It likewise rejected Schmuecker's argument that he did not have notice that his credibility was at issue. It noted that Schmuecker did not object to the credibility testimony. Nonetheless, it stated that because the law was "not clear" regarding whether Schmuecker waived his right to assert prejudicial error, it considered all of Schmuecker's alleged errors.

Additionally, it rejected Schmuecker's argument that he was deprived of due process of law. It reasoned that the record showed Schmuecker had the opportunity to put his version of the facts in front of the decisionmaker before he was suspended. Moreover, he was aware of the instant charges and the evidence of those charges before the informal hearing.

Finally, the court rejected the notion that the commission failed to comply with a delivery deadline. The sheriff's office

merit system rules and regulations provided in part, "The Commission, within **three (3)** days after the hearing, shall make its decision. The Commission shall notify the Sheriff and the applicant or employee of its decision by written order, and the decision of the Commission shall be final." (Emphasis in original.) The court reasoned that the second sentence did not require the commission to notify the parties within any particular period.

Schmuecker filed a timely appeal, which we moved to our docket.[1]

### III. ASSIGNMENTS OF ERROR

Schmuecker assigns, restated and reordered, that (1) the district court failed to "properly construe" whether his conduct violated § 28-927 in light of Neb. Rev. Stat. § 29-406 (Reissue 2016); (2) he was denied due process when he was not given notice that his credibility and the prior "unfounded" internal investigation were at issue; (3) the commission's written decision was void for untimely delivery; and (4) the district court erred in determining that by failing to object during the administrative hearing, he waived his right to assert prejudicial error concerning evidence received before the commission.

### IV. STANDARD OF REVIEW

[1] In reviewing an administrative agency decision on a petition in error, both the district court and the appellate court review the decision to determine whether the agency acted within its jurisdiction and whether sufficient, relevant evidence supports the decision of the agency.[2]

[2,3] Statutory interpretation[3] and the determination of whether the procedures afforded to an individual comport with

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

[2] *Lancaster County v. Slezak*, 317 Neb. 157, 9 N.W.3d 414 (2024).

[3] See *Streck, Inc. v. Ryan*, 320 Neb. 638, 29 N.W.3d 782 (2026).

constitutional requirements for due process[4] present questions of law. Appellate courts independently review questions of law decided by a lower court.[5]

## V. ANALYSIS

### 1. Sufficient Evidence Supports Commission's Decision

Relying on the text of two statutes,[6] Schmuecker contends that his failure to arrest two individuals for time pay warrants did not constitute a crime. Essentially, he argues that the time pay warrants were invalid and that, therefore, his failure to execute the warrants did not justify disciplinary action. Based on this argument, he challenges the sufficiency of the evidence to support the commission's decision.

[4,5] Two principles drive our review of the evidence. The reviewing court in an error proceeding is restricted to the record before the administrative agency and does not reweigh evidence or make independent findings of fact.[7] The evidence is sufficient, as a matter of law, if an administrative tribunal could reasonably find the facts as it did on the basis of the testimony and exhibits contained in the record before it.[8]

We conclude that the commission's decision is supported by sufficient evidence. Schmuecker's interaction with the two individuals was recorded on his body-worn camera. The recording shows that Schmuecker searched their names in a law enforcement database and learned that they had outstanding time pay warrants. After viewing the warrants, he spoke with the records division to confirm that the two individuals had no other outstanding warrants. He then decided not to

---

[4] See *In re Interest of Aaden S.*, 320 Neb. 785, 30 N.W.3d 668 (2026).

[5] *Lancaster County v. Slezak, supra* note 2.

[6] See §§ 28-927 and 29-406.

[7] *County of Hayes v. County of Frontier*, 319 Neb. 98, 21 N.W.3d 474 (2025).

[8] *Id.*

arrest them, because doing so would have been a "waste [of his] time."

[6] Generally, a deputy sheriff has the same duties prescribed by statute as the sheriff.[9] The evidence supports a finding that by failing to arrest the individuals for their warrants, Schmuecker neglected his statutory duty to execute process.[10] It further supports a finding that Schmuecker's neglecting his duty violated the SOP, providing cause for the termination of his employment.

[7] Having concluded that sufficient evidence supports the commission's decision, we decline to address Schmuecker's criminal statutory interpretation argument. Because the neglect of his statutory duty was cause for dismissal, it makes no difference whether his conduct met the elements of a criminal offense. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[11]

### 2. Remaining Assignments of Error Fail

Schmuecker's remaining assignments of error raise procedural issues. We address them in turn.

#### (a) No Denial of Due Process Under *Loudermill*

Schmuecker asserts that he was denied due process of law, because he was not given notice that his credibility and the prior "unfounded" internal investigation were at issue. We disagree.

[8-10] The U.S. and Nebraska Constitutions provide that no person shall be deprived of life, liberty, or property without

---

[9] See Neb. Rev. Stat. § 23-1704.01 (Reissue 2022).

[10] See Neb. Rev. Stat. § 23-1701.06 (Cum. Supp. 2022) ("sheriff shall execute every summons, order, or other process and return the same as required by law").

[11] *In re Estate of Schneider, ante* p. 350, 34 N.W.3d 404 (2026).

due process of law.[12] The concept of due process embodies the notion of fundamental fairness and defies precise definition.[13] We have previously explained that due process does not guarantee an individual any particular form of state procedure; instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it.[14] Due process is flexible and calls for such procedural protections as the particular situation demands.[15]

[11] Schmuecker relies upon *Cleveland Board of Education v. Loudermill*.[16] There, the U.S. Supreme Court said that the essential requirements of due process are notice and an opportunity to be heard. It explained:

> The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. . . . The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.[17]

A pretermination procedure functions as "'an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the

---

[12] *In re Interest of Aaden S., supra* note 4. See, also, U.S. Const. amend. XIV, § 1; Neb. Const. art. I, § 3.

[13] *In re Interest of A.A. et al.*, 307 Neb. 817, 951 N.W.2d 144 (2020), *supplemented by* 308 Neb. 749, 957 N.W.2d 138 (2021).

[14] *Sulzle v. Sulzle*, 318 Neb. 194, 14 N.W.3d 532 (2024).

[15] *In re Interest of A.A. et al., supra* note 13.

[16] *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

[17] *Id.*, 470 U.S. at 546 (citation omitted). See, also, *Hickey v. Civil Serv. Comm. of Douglas Cty.*, 274 Neb. 554, 741 N.W.2d 649 (2007) (applying framework established in *Cleveland Board of Education v. Loudermill, supra* note 16).

charges against the employee are true and support the proposed action.'"[18]

On this record, we cannot say that Schmuecker was denied due process of law. A discharged employee's claim that an employer denied him or her due process depends on the discharged employee's having had a property right in continued employment.[19] No one disputes that Schmuecker had a constitutionally protected interest in his employment as a deputy sheriff sergeant. Due process requires that a public employer provide its employees with appropriate pretermination and posttermination proceedings.[20]

Here, the requirements in *Loudermill* were met. The pretermination letter gave Schmuecker written notice of the charges, arising from his failure to arrest the two individuals. Schmuecker was aware that the full interaction was recorded on his body-worn camera. Before terminating Schmuecker's employment, Wagner held an informal hearing during which Schmuecker was given an opportunity to present evidence. Schmuecker did so. Thus, he had an opportunity to present his side of the story.

(b) No Failure to Comply With Delivery Deadline

Schmuecker argues that the commission's written decision was "null and void"[21] for untimely delivery. He concedes that the governing statute[22] does not set forth a specific period for the delivery. Instead, he highlights a written SOP policy. As set forth above, one sentence required the commission to "make its decision" within 3 days. The next sentence required a "written order," but specified no time limitation. Schmuecker

---

[18] *Hickey v. Civil Serv. Comm. of Douglas Cty., supra* note 17, 274 Neb. at 563, 741 N.W.2d at 655 (quoting *Cleveland Board of Education v. Loudermill, supra* note 16).

[19] *Nebraska Pub. Emp. v. Otoe Cty.*, 257 Neb. 50, 595 N.W.2d 237 (1999).

[20] *Scott v. County of Richardson*, 280 Neb. 694, 789 N.W.2d 44 (2010).

[21] Brief for appellant at 11.

[22] See Neb. Rev. Stat. § 23-1734 (Reissue 2022).

asserts that the decision is a "nullity,"[23] because the commission did not notify him of it until May 16, 2024—6 days after the hearing.

We are not persuaded. Contrary to Schmuecker's argument, the SOP policy is consistent with the statute.[24] Although it required a *decision* within 3 days of the hearing, it did not specify a period for delivery or notification. In any event, we are skeptical that the purported delivery period would have been mandatory, such that a failure to comply with it would render the decision a nullity. This argument lacks merit.

### (c) No Prejudice Regarding Finding of Waiver

Schmuecker attacks the district court's statement that by failing to object during the administrative hearing, he waived his right to assert prejudicial error from any evidence received without objection. On this record, we need not determine whether the waiver statement was correct.

[12] Error without prejudice provides no ground for relief on appeal.[25] The court ultimately said that the law was unclear and that, therefore, it considered all of Schmuecker's alleged errors. Schmuecker suffered no prejudice from the court's statement. This assignment of error fails.

### VI. CONCLUSION

Our resolution of this appeal mostly flows from the deferential standard of review applicable to petitions in error. Schmuecker's own statements in the moment supported findings that he understood the warrants' commands to arrest the two individuals and that he purposely chose not to execute the warrants. Absent circumstances not present here, a deputy sheriff cannot do so. Because we find no prejudicial error, we affirm the judgment of the district court.

AFFIRMED.

---

[23] Brief for appellant at 25.

[24] See § 23-1734.

[25] *Slama v. Slama*, 313 Neb. 836, 987 N.W.2d 257 (2023).